DOCKET NO. 826

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE OIL SPILL BY THE "EXXON VALDEZ" IN PRINCE WILLIAM SOUND, ALASKA, ON MARCH 24, 1989

In re:  The Exxon Valdez, D. Alaska, C.A. No. A-89-095

Moe Goldsmith, et al. v. Lawrence J. Rawl, et al., S.D. New York, C.A. No. 89-Civ-3990(JES)

ORDER DENYING TRANSFER*

This litigation consists of a consolidated action pending in the District of Alaska and an action pending in the Southern District of New York.  Before the Panel is a motion by plaintiffs in the New York action seeking transfer of that action under 28 U.S.C. §1407 to the District of Alaska for coordinated or consolidated pretrial proceedings with the action pending there.  All responding parties oppose the motion.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  Given the difference in type of plaintiff in each district, the difference in scope in each district, and the difference in purpose in each district as reflected in the legal theories underlying the actions, we are not persuaded that any common factual questions which may exist are sufficient to warrant centralization in this docket.  We also note that this docket consists of only two actions pending in two districts.  See In re Scotch Whisky Antitrust Litigation, 299 F.Supp. 543 (J.P.M.L. 1969).  Under such circumstances, alternatives to Section 1407 transfer are both available and preferable as a means of minimizing the possibility of duplicative discovery and/or conflicting pretrial rulings with respect to any matters common to both actions.  See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242 (J.P.M.L. 1978).  See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. §1407, for centralization of the above-captioned actions be, and the same hereby is, DENIED, without prejudice to the parties' opportunity to move for Section 1407 transfer in the future if changed circumstances so warrant.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

*    Judges Milton Pollack and S. Hugh Dillin recused themselves and took no part in the decision of this matter.  Additionally, Judge Robert H. Schnacke took no part in the decision of this matter.